UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONES WALKER LLP, <br><br> Plaintiff, <br><br> VERSUS <br><br> PETAQUILLA MINERALS LTD., <br><br> Defendant. | CIVIL ACTION NO. <br><br><br> JUDGE <br><br><br> MAGISTRATE |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Jones Walker LLP ("Plaintiff" or "Jones Walker"), which avers and alleges as follows:

**PARTIES, JURISDICTION & VENUE**

1.

Plaintiff, Jones Walker, is a limited liability partnership organized and existing under the laws of the state of Louisiana with its principal place of business in Orleans Parish, Louisiana.

2.

Made Defendant herein is Petaquilla Minerals Ltd. ("Petaquilla") which, upon information and belief, is a foreign corporation incorporated and domiciled in Vancouver, British Columbia, Canada. Upon information and belief, Petaquilla's principal place of business is located at #1230-777 Hornby Street, Vancouver, BC, Canada, V6Z 1S4.

3.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (c)(3) because a substantial part of the events giving rise to this case arose in this district and because the Defendant is a foreign corporation that may be sued in any district.

**BACKGROUND**

5.

Jones Walker is a national law firm that provides legal services for its clients on a worldwide basis.

6.

Petaquilla is engaged in the mining and mineral exploration of gold-bearing mineral properties in the country of Panama.

7.

On or around March 2012, Petaquilla engaged Jones Walker to provide it legal services. Specifically, from March 2012 through February 2013, Jones Walker, through its attorneys, and at Petaquilla's request, represented Petaquilla, as issuer, in a high yield debt offering.

8.

Jones Walker informed Petaquilla of each attorney's hourly billing rate and that Jones Walker would bill Petaquilla for its attorneys' services by the hour. Petaquilla was also informed that Jones Walker would issue interim invoices periodically for the legal services performed by Jones Walker's attorneys on Petaquilla's behalf. Petaquilla agreed to pay Jones Walker's invoices for its fees and costs incurred in connection with the legal services provided to Petaquilla.

9.

Jones Walker timely issued the following seven (7) invoices to Petaquilla, as follows:

| Date | Invoice No. | Total |
|---|---|---|
| 05/31/12 | 599611 | $152,548.46 |
| 06/14/12 | 601254 | $93,064.58 |
| 09/05/12 | 613501 | $128,787.19 |
| 10/31/12 | 622926 | $59,347.08 |
| 11/28/12 | 627754 | $59,492.25 |
| 12/17/12 | 631787 | $22,238.55 |
| 02/22/13 | 64500 | $720.40 |
| | **GRAND TOTAL** | $516,198.51 |

10.

Payment of Jones Walker's invoices was due upon receipt of each invoice. Petaquilla did not pay any of Jones Walker's invoices for any of its legal services. To date, Jones Walker is owed a total of $516,198.51.

11.

After many failed attempts to collect the total amount due on its invoices, Jones Walker issued a final demand letter on April 23, 2014 formally notifying Petaquilla that payment had not been received on the outstanding balance due on Jones Walker's invoices in the total amount of $516,198.51. A true and correct copy of the demand letter is attached hereto as **Exhibit A**.

12.

To date, despite amicable demand, the amount owed has not been paid by Petaquilla.

**COUNT 1: BREACH OF CONTRACT**

13.

Jones Walker incorporates and reasserts paragraphs 1-12 as if fully set forth herein.

14.

On or around March 2012, Petaquilla, through its authorized agent, entered into a contract with Jones Walker whereby Jones Walker agreed to represent Petaquilla in a high yield debt offering. Jones Walker agreed to bill for its services based on the time expended by its attorneys on Petaquilla's matter at each attorney's hourly billing rate. Jones Walker further agreed to invoice Petaquilla for the legal services rendered by its attorneys on a regular periodic basis.

15.

The contractual relationship was further established between Jones Walker and Petaquilla through the course of dealings between the parties, including, but not limited to, multiple discussions, communications, and exchanges of documents.

16.

Pursuant to Louisiana Civil Code 1983, contracts must be performed in good faith.

17.

Jones Walker issued Petaquilla seven (7) invoices for the legal services performed by its attorneys on Petaquilla's behalf.

18.

Jones Walker performed all of its obligations under its agreement with Petaquilla in good faith.

19.

Petaquilla, however, did not perform its contractual obligations under its agreement with Jones Walker.

20.

Specifically, Petaquilla failed to make any payments on Jones Walker's invoices and owes Jones Walker a total of $516,198.51 for legal services rendered by Jones Walker to Petaquilla.

21.

Petaquilla's failure to pay Jones Walker's invoices is a breach of the parties' contract.

22.

Consequently Petaquilla is responsible for all resulting damages, foreseeable and unforeseeable, that are a direct consequence of its failure to perform including, but not limited to, the outstanding amount due and owing under the contract, as well as bad faith damages, and any other damages that may be proven at trial.

**COUNT 2: SUIT ON OPEN ACCOUNT**

23.

Jones Walker incorporates and reasserts paragraphs 1-22 as if fully set forth herein.

24.

Petaquilla and Jones Walker entered into a business transaction whereby Jones Walker provided legal services to Petaquilla in a high yield debt offering over a period of time. While the representation was under way, Jones Walker extended credit to Petaquilla for the legal services provided by Jones Walker

25.

Jones Walker issued invoices to Petaquilla on a regular basis for the legal services provided and costs incurred by Jones Walker in connection with its legal services.

26.

To date, Jones Walker's invoices for its legal services rendered to and costs incurred on behalf of Petaquilla remain unpaid in the total amount of $516,198.51.

27.

The Louisiana Open Account Statute, La. Rev. Stat. § 9:2781(A) provides:

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

28.

On April 23, 2014, Jones Walker sent written demand to Petaquilla correctly setting forth the amount owed by Petaquilla on Jones Walker's invoices. Despite amicable demand, Petaquilla has not paid Jones Walker the amount owed.

29.

Additionally, more than thirty days have lapsed since Jones Walker's written demand to Petaquilla without Petaquilla paying the amount it owes Jones Walker.

30.

Therefore, in accordance with Louisiana Revised Statute 9:2781, Petaquilla is justly and truly indebted to Jones Walker for the outstanding amount due on Jones Walker's invoices together with interest, reasonable attorney's fees for the prosecution and collection of Jones Walker's claim, and costs of these proceedings.

## PRAYER

WHEREFORE, Plaintiff, Jones Walker LLP, prays that its Complaint be deemed good and sufficient, and that after due proceedings are had, there be judgment rendered in its favor and against Petaquilla Minerals Ltd, as follows:

1. Awarding Jones Walker damages in the amount of $516,198.51, plus pre-judgment and post-judgment interest;

2. Awarding Jones Walker reasonable attorney's fees for the prosecution and collection of its claim, and all costs of these proceedings;

3. Awarding Jones Walker such other damages as may be proved at trial;

4. For any and all other relief to which Jones Walker is entitled in law and equity.

Respectfully submitted,

*/s/ Laura F. Ashley*
H. MARK ADAMS (#02318) (T.A.)
LAURA F. ASHLEY (#32820)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8118
Facsimile: (504) 589-8118
madams@joneswalker.com
*lashley@joneswalker.com*
**Attorneys for Plaintiff**

# Exhibit A



JONES WALKER

201 ST. CHARLES AVENUE
NEW ORLEANS, LOUISIANA 70170-5100
504-582-8000
FAX 504-582-8583
www.joneswalker.com

J. Marshall Page, III
Not admitted in Alabama
Direct Dial: 504-582-8248
Direct Fax: 504-589-8248
mpage@joneswalker.com

April 23, 2014

Petaquilla Mineral Ltd.
Attention: Ezequiel Sirontinsky, Joao Manuel and Janet Francis
777 Hornby Street
Suite 1230
Vancouver, BC Canada V6Z 1S4

Re: Amounts owed to Jones Walker LLP pursuant to the Invoices listed below
Our File No. 131033-00

Dear Sirs/Madam:

**THIS CORRESPONDENCE SHOULD BE IMMEDIATELY DIRECTED TO AN EXECUTIVE OFFICER AND/OR YOUR LEGAL COUNSEL.**

Jones Walker LP ("Jones Walker) hereby makes demand on you to pay the following invoices owed by Petaquilla Minerals Ltd. ("Petaquilla") to Jones Walker (the "Invoices"):

- Invoice No. 599611; Dated May 31, 2012 in the amount of $152,548.46.
- Invoice No. 601254; Dated June 14, 2012 in the amount of $93,064.58.
- Invoice No. 613501; Dated September 5, 2012 in the amount of $128,787.19.
- Invoice No. 622926; Dated October 31, 2012 in the amount of $59,347.08.
- Invoice No. 627754; Dated November 28, 2012 in the amount of $59,492.25.
- Invoice No. 631787; Dated December 17, 2012 in the amount of $22,238.55.
- Invoice No. 640500; Dated February 22, 2013 in the amount of $720.40.

The money that you owe on the Invoices, in the total amount of $516,198.51, is past due and must be paid within 30 days to avoid our filing suit to collect the entire outstanding balance.

Please be further advised that the amounts that you owe on the Invoices constitutes money owed on an "open account" within the meaning of La. R.S. 9:2781 (the "Open Account Statute"), such that your failure to remit payment in a timely fashion would result in the imposition of attorneys' fees for the prosecution and collection of the amounts owed on the Invoices, as set forth in the Open Account Statute.

{N2802191.2}

JONES WALKER LLP

ALABAMA · ARIZONA · CALIFORNIA · DISTRICT OF COLUMBIA · FLORIDA · GEORGIA · LOUISIANA · MISSISSIPPI · NEW YORK · OHIO · TEXAS

Should you have any questions, or require any additional information, please contact me at 504-582-8248.

Sincerely,

J. Marshall Page, III

JMPIII/pbk